UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL D. SHEGONEE,

     Petitioner,

v.

UNITED STATES OF AMERICA,

     Respondent.

Case No. 18-CV-70-JPS

**ORDER**

**1. INTRODUCTION**

Petitioner Paul D. Shegonee was found guilty by a jury on March 17, 2015 of one count of possessing a firearm as a felon and one count of stealing guns from a federally licensed gun store. (Case No. 14-CR-55-1, Docket #20 and #70). The trial was held by the late district judge Rudolph T. Randa. The case was reassigned to this branch of the Court on December 30, 2015, prior to sentencing. On February 9, 2016, this Court entered its judgment against Petitioner, imposing consecutive one-hundred month terms of imprisonment on the two counts of conviction. (Case No. 14-CR-55-1, Docket #108). Petitioner did not appeal.

On January 12, 2018, Petitioner filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. (Docket #1). He asserts two grounds for relief. First, he alleges that his trial counsel was ineffective for failing to file an appeal or motion to vacate his sentence. *Id.* at 3–10. Second, he contends that the Court erred in imposing consecutive, rather than concurrent, terms of imprisonment. *Id.* at 11–13.

On June 14, 2018, the Court ordered that Attorney Alexander Flynn ("Flynn"), who was Petitioner's counsel at the time of sentencing, file an

affidavit detailing his discussions with Petitioner about his appellate rights and his decision not to appeal. (Docket #3). On June 27, 2018, Flynn filed an affidavit in compliance with the Court's order. (Docket #4).

Petitioner's motion is now before the Court for screening:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings.

The Court will address each of Petitioner's grounds for relief in turn. For the reasons explained below, Petitioner's motion must be dismissed.

## 2. ANALYSIS

### 2.1 Ineffective Assistance of Counsel

Generally, the Court begins the screening process by examining the timeliness of the motion and whether the claims therein are procedurally defaulted. However, as to Petitioner's ineffective assistance claim, the Court need not address those matters because the claim is plainly meritless.

Under the familiar test announced in *Strickland v. Washington* for a Sixth Amendment ineffective assistance claim, a petitioner must show that his "counsel's representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result." *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)). In the first step, the court asks "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. The

assessment of prejudice centers on whether there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

An attorney's decision not to file an appeal is appropriate if he has consulted adequately with his client about the decision. *Roe v. Flores–Ortega*, 528 U.S. 470, 478 (2000). "And of course, a defendant who instructs his attorney not to appeal cannot claim deficient performance when the attorney complies with his wishes." *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015) (citing *Flores–Ortega,* 528 U.S. at 477). On the other hand, if an attorney has been instructed to appeal and inadvertently fails to do so, he "has acted 'in a manner that is professionally unreasonable' under the Sixth Amendment." *Id.* (quoting *Flores–Ortega,* 528 U.S. at 477).

Petitioner filed a sworn declaration along with his motion in which he claims that at some point during the criminal proceedings he "discussed with [his] attorney [his] rights to appeal and to file for post conviction relief. . . . [His counsel] assured [him] not to worry that he would assist [Petitioner] with filing the appeal and post-conviction relief." (Docket #1-1 at 2). Specifically, Petitioner "informed his counsel that he wanted to appeal the district court's denial of his motion to suppress the firearm evidence." (Docket #1 at 9). Then, after he was sentenced and confined to prison, Petitioner says he wrote to his attorney "several times" inquiring about the status of the appeal but his letters went unanswered. (Docket #1-1 at 2–3). He says he learned recently through his family, who contacted the clerks in both the District Court and Court of Appeals, that his lawyer never filed an appeal on his behalf. *Id.* at 3.

This testimony is directly contradicted by averments from Petitioner's counsel. Attorney Flynn was appointed to represent Petitioner

for post-conviction matters, including sentencing. (Docket #4 at 1). Flynn explains in his sworn affidavit that immediately after Petitioner's sentencing hearing on February 9, 2016, he met with Petitioner in the federal lockup at the courthouse and discussed Petitioner's right to appeal, the potential issues for appeal, and the merits and risks of filing an appeal. *Id.* at 1, 3–5. Petitioner told Flynn he accepted his sentence and was not inclined to appeal, but the pair decided to discuss the issue again before a final decision was made. *Id.* at 1.

On or about February 17, 2016, Flynn spoke by telephone with Petitioner at the Dodge County Jail in Juneau, Wisconsin, and Petitioner confirmed with Flynn that he did not wish to appeal. *Id.* at 2. Based on that instruction, Flynn wrote to this Court on February 19, 2016 explaining that Petitioner did not wish to file an appeal. *Id.*; *see also* (Case No. 14-CR-55-1 – Docket #111). On February 24, 2016, Flynn wrote to Petitioner at the United States Penitentiary in Terre Haute, Indiana explaining that he had notified the Court that Petitioner was not interested in filing an appeal. (Docket #4 at 2 and #4-3 at 1).

On March 17, 2016, Petitioner wrote back to Flynn, asking for copies of his sentencing transcript, presentence investigation report, and judgment of conviction because it was "hard for [Petitioner] to partake in programs without such." (Docket #4-4 at 1). Petitioner also acknowledged receiving Flynn's February 24 letter and thanked Flynn for his help. *Id.* Petitioner did not express displeasure with Flynn having notified the Court that Petitioner did not wish to appeal.

Apart from one telephone call from Petitioner in the past couple months in connection with the instant Section 2255 motion, Flynn does not recall receiving any other communications from Petitioner and his file does

not contain any other letters from Petitioner with respect to an appeal or any other matter. (Docket #4 at 2–3).

Based on the foregoing, the Court finds that Petitioner instructed his attorney not to file an appeal of his criminal judgment. He cannot revise history for the purpose of his Section 2255 action. He is, therefore, foreclosed from now claiming that his attorney provided ineffective assistance by failing to file an appeal. *Vinyard*, 804 F.3d at 1225; *see also Lafuente v. United States,* 617 F.3d 944, 946–47 (7th Cir. 2010) (In a Section 2255 case, a hearing is "not required when the files and records of the case conclusively show that the prisoner is entitled to no relief.") (citations and quotations omitted). Petitioner's ineffective assistance claim is meritless and will be dismissed.

### 2.2 Imposition of Consecutive Sentences

Having found Petitioner's first ground for relief plainly meritless, the Court moves on to Petitioner's second ground, which is that the Court's imposition of consecutive, as opposed to concurrent, sentences for his two counts of conviction violated his rights to due process and equal protection because his sentence is "far too great" for his convictions. (Docket #1 at 11–13).[1] Apart from any defects on the merits of this ground for relief, it also suffers from two procedural defects, both of which require dismissal.

---

[1]Petitioner also argues that the Court violated the "concurrent sentence doctrine" by imposing consecutive sentences for his two offenses of conviction. (Docket #1 at 11–12). Petitioner misunderstands the concurrent sentence doctrine; it is not a basis for relief from concurrent sentences. It is a "discretionary bar to judicial review." *Cheeks v. Gaetz*, 571 F.3d 680, 689 (7th Cir. 2009) (citing *Benton v. Maryland,* 395 U.S. 784, 787–91 (1969); *United States v. Kimberlin,* 675 F.2d 866, 867 (7th Cir. 1982)). The doctrine "allows appellate courts to decline to review a conviction carrying a concurrent sentence when one 'concurrent' conviction has been found valid." *Id.* (citation omitted). The doctrine has nothing to do with the

First, Petitioner's motion is untimely by almost a year. The statute governing writs of habeas corpus stemming from federal criminal proceedings contains a one-year statute of limitations. 28 U.S.C. § 2255(f). That limitations period runs from the date on which the judgment of conviction becomes final. *Id.* § 2255(f)(1). Because Petitioner did not appeal, his conviction became final 14 days after entry of judgment, when the time for filing a direct appeal expired. Fed. R. App. P. 4(b)(1)(A)(i) (in a criminal case, notice of appeal must be filed within 14 days after "the entry of . . . the judgment . . . being appealed"); *United States v. Pena-Maldonado*, No. 06-CR-142, 2009 WL 1076882, at *1 (W.D. Wis. Apr. 20, 2009) (a conviction is final when the defendant's opportunity to file a direct appeal expires). That date was February 23, 2016.

There are two common-law exceptions that could excuse this error, the "actual innocence" gateway and equitable tolling. The actual innocence gateway allows excuse of a time-barred filing when a petitioner "'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless error.'" *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). Petitioner does not assert that he is actually innocent of the crimes charged, and therefore the actual innocence gateway does not apply.

The second potential exception is "equitable tolling." *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling is "reserved for extraordinary circumstances far beyond the litigant's control

---

propriety of a court's imposition of concurrent, as opposed to consecutive, sentences.

that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quotation omitted). To be entitled to equitable tolling, a petitioner bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 683–84 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008)) (internal quotation marks omitted). The Seventh Circuit teaches that "mistakes or miscalculations . . . by a party's attorney do not satisfy the extraordinary circumstances element for equitable tolling." *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017). However, an attorney's complete abandonment of his client might qualify as an extraordinary circumstance sufficient to warrant equitable tolling. *Holland*, 560 U.S. at 652 (remanding for consideration of request for equitable tolling where the petitioner's attorney ignored the petitioner's repeated requests for information, failed to communicate with him over a period of years, and disregarded his express directions regarding the filing of a post-conviction motion).

Here, Petitioner has argued that he is entitled to equitable tolling because his attorney led him to believe he would file an appeal on Petitioner's behalf and then abandoned Petitioner without having filed an appeal. (Docket #1 at 10). However, as explained above, the Court has found that Petitioner in fact informed his attorney that he did *not* wish to appeal. Petitioner's attorney did not abandon him; on the contrary, Flynn spoke with and wrote to Petitioner several times to confirm Petitioner's intention not to appeal. Therefore, Petitioner's plea for equitable tolling must be rejected, and this ground for relief must be dismissed as untimely.

Further, this ground for relief has also been procedurally defaulted. Relief under Section 2255 is appropriate if the Court determines that "the

sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that Petitioner did not raise at trial or on direct appeal—including the sentencing error he alleges in this case—are procedurally defaulted and he cannot raise them now. *See Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

This rule is not without exceptions. For example, Petitioner may raise claims that he otherwise procedurally defaulted if he demonstrates that there was cause for his failure to raise a claim earlier and that the failure has actually prejudiced him. *Torzala*, 545 F.3d at 522 (citing *Bousley v. United States*, 523 U.S. 614, 621, 622 (1998)). Petitioner does not address prejudice in his motion. As to cause, Petitioner states that he did not raise this claim on appeal because he thought, mistakenly, that his attorney was filing an appeal on his behalf. But, as explained above, the Court has found that Petitioner did not instruct his attorney to file an appeal. Further, even if Petitioner's averments were taken as true, he alleges that he instructed his attorney to appeal only the denial of his suppression motion. (Docket #1 at 9 and #1-1 at 2). He does not claim that he intended to appeal the Court's consecutive sentences. Therefore, even if a petitioner's allegation that his attorney abandoned him could possibly excuse procedural default, *see*

*Maples v. Thomas*, 565 U.S. 266, 289 (2012), the Court finds that Petitioner's procedural shortcoming cannot be forgiven in this case.[2]

## 3. CONCLUSION

Because Petitioner's first ground for relief is patently without merit and his second ground for relief is untimely and has been procedurally defaulted, the Court is compelled to deny Petitioner's motion and dismiss this action with prejudice.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a

---

[2]Petitioner's second ground for relief might also be construed as a claim that the Court misapplied U.S.S.G. § 5G1.2 by imposing consecutive terms of imprisonment for his two offenses of conviction. (Docket #1 at 11–13). Construed this way—as a non-constitutional challenge to application of the Guidelines—no showing of cause or prejudice could save it. *See Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000) (a Section 2255 petitioner cannot pursue non-constitutional issues that were not raised on direct appeal regardless of any showing of good cause or actual prejudice).

Further, a challenge to the court's application of the Sentencing Guidelines is generally not cognizable under Section 2255. Because the advisory Sentencing Guidelines are not "laws" of the United States, challenges to a court's application of the Guidelines do not implicate federal law and "generally are not cognizable on a § 2255 motion." *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014); *Welch v. United States*, 604 F.3d 408, 412 (7th Cir. 2010); *Scott v. United States*, 997 F.2d 340, 343 (7th Cir. 1993). For example, the Seventh Circuit has held that an erroneous determination that a petitioner was a career offender is not a cognizable error under Section 2255 after the Guidelines were made advisory. *See Coleman*, 763 F.3d at 708; *Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir. 2013), *opinion supplemented on denial of reh'g*, 724 F.3d 915 (7th Cir. 2013).

For these reasons, Petitioner is foreclosed from arguing that the court misapplied the Sentencing Guidelines in his case.

"substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Petitioner's motion presented a viable ground for relief. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's motion.

Finally, the Court closes with some information about the actions that Petitioner may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge